**Augusto B. HILARIO, Petitioner,**

v.

**SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 90–7003.

United States Court of Appeals, Federal Circuit.

June 10, 1991.

---

Augusto B. Hilario, pro se.

Mark A. Melnick, Atty., and David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. Michael A. Leonard, Office of the Gen. Counsel, Dept. of Veterans Affairs, Washington, D.C., of counsel.

## ON MOTION

Before ARCHER and LOURIE, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

## ORDER

ARCHER, Circuit Judge.

The Secretary of the Department of Veterans Affairs moves to dismiss the petition for review of Augusto B. Hilario. Hilario has not responded.

## BACKGROUND

Hilario is a Philippine national who served in the United States Navy from January 22, 1956 until January 16, 1960 and from July 8, 1960 until March 1, 1963. On October 25, 1962 Hilario was hospitalized following an episode of antisocial behavior. He was diagnosed as having a schizoid personality and was administratively discharged prior to the end of his second period of enlistment.

In 1974, Hilario submitted his first claim to the Veterans' Administration (VA)[1] for disability compensation. By letter dated April 1, 1975, the claim was denied on the basis that applicable VA rating procedures consider a schizoid personality to be a congenital or developmental defect, not a disability resulting from disease or injury incurred or aggravated by service and, further, that there was no evidence of other medical conditions until after service. Hilario did not appeal that decision to the Board of Veterans Appeals (Board).

Hilario reopened his claim two more times, each time basing his claim on new statements from doctors. Hilario appealed the resulting adverse decisions to the Board each time, and, on March 26, 1985 and January 22, 1986, the Board denied the claims.

On May 7, 1990, Hilario, acting pro se, submitted a letter that the court treated as a petition for review. The petition stated in part:

I respectfully submit this Appeal for a direct Judicial Review of the VA rules and regulations under Chapter 7 of the Administrative Procedure Act.

The conclusions of law by the Board of Veterans Appeals does [sic] not conform to the facts....

The two-page petition then recounted Hilario's psychiatric history and discussed the Board's 1985 and 1986 decisions and a May 13, 1986 letter from the chairman of the Board. Hilario made no reference to a rule or regulation of the VA and mentioned only one veterans' benefits statute, 38 U.S.C. § 332, "Presumption of Sound Condition." In that regard, Hilario stated:

The two (2) Board of Veterans Appeals Decision dated March 26, 1985 and January 22, 1986 are clearly and unmistakenly erroneous for failing to grant Presumption of Soundness....

## DISCUSSION

Section 211, title 38, requires the Secretary of Veterans Affairs to decide all ques-

---

1. The Department of Veterans Affairs Act, Pub.L. No. 100–527, 102 Stat. 2635 (1988) redesignated the former Veterans' Administration as the cabinet-level Department of Veterans Af-

fairs. In this order, "VA" refers to both the former and present agencies. *See id.* at § 10, 102 Stat. 2640.

tions of law and fact necessary to a decision under a law that affects the provision of benefits to veterans. Under that section, "the decision of [the Secretary] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court...." 38 U.S.C. § 211(a)(1) (1988). Section 211 lists four exceptions to the judicial review preclusion provisions, two of which confer jurisdiction on this court. Under section 211, the prohibition on judicial review does not apply to matters subject to 38 U.S.C. § 223 or to matters covered by chapter 72 of title 38. 38 U.S.C. § 211(a)(2). The other two exceptions to the judicial review prohibition are not relevant here.

Chapter 72 of title 38, added by the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105 (1988) (VJRA), confers jurisdiction on the Federal Circuit over appeals from decisions of the Court of Veterans Appeals. 38 U.S.C. § 4092 (1988). In this case, Hilario's Notices of Disagreement, which initiated Board review of the denial of his claims, were filed before November 18, 1988, the date of enactment of the VJRA. Therefore, the review provisions of Chapter 72 are inapplicable. *Prenzler v. Derwinski,* 928 F.2d 392 (Fed. Cir.1991). Jurisdiction in the Federal Circuit must be based, if at all, on the review provisions of section 223.

Section 223 makes certain publication and rule making procedures of title 5 applicable to the VA and provides for judicial review of some VA actions. Subsection (a) imposes on the Secretary Freedom of Information Act publication requirements found in 5 U.S.C. § 552(a)(1). 38 U.S.C. § 223(a) (1988). Subsection (b) makes the notice and comment rule making requirements of the Administrative Procedure Act (APA) (5 U.S.C. § 553) applicable to the VA. Subsection (c) authorizes judicial review of certain VA actions.[2]

The first sentence of subsection (c) limits judicial review to review of an action of the Secretary to which 5 U.S.C. § 552(a)(1) or § 553 applies. Those sections deal with matters such as agency regulations, rules of procedure, substantive rules of general applicability, and statements of general policy or interpretations of general policy. *See* 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to the Freedom of Information Act publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rule making); and 5 U.S.C. § 551(4) and (5) (defining "rule" and "rule making"). Adjudications, which are governed by 5 U.S.C. §§ 554–559, are not covered by the judicial review provisions of section 223.

In this case, while Hilario's petition for review seeks "a direct Judicial Review of the VA rules and regulations under Chapter 7 of the Administrative Procedure Act", he has failed to show how his case comes under the narrow review provisions of section 223. Hilario has alleged no violation of the publication requirements of 5 U.S.C. § 552(a)(1); he has not alleged that any VA rule or regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law (5 U.S.C. § 706(2)(A)), contrary to constitutional right (5 U.S.C. § 706(2)(B)), or in excess of statutory authority (5 U.S.C. § 706(2)(C)); nor has he alleged that any VA rule making was without observance of procedure required by law (5 U.S.C. § 706(2)(D)). Indeed, in response to question number two in Hilario's informal brief,[3] "[w]hat action of the Secre-

**2.** Subsection (c) provides:

An action of the [Secretary] to which section 552(a)(1) or 553 of title 5 (or both) refers (other than an action relating to the adoption or revision of the schedule of ratings for disabilities adopted under section 355 of this title) is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit. However, if such review is sought in connection with an appeal

brought under the provisions of chapter 72 of this title, the provisions of that chapter shall apply rather than the provisions of chapter 7 of title 5.

**3.** On June 19, 1990, the court received, but did not file, an informal brief signed by Hilario's wife. Hilario was informed by letter dated June 26, 1990, that either he or an attorney must sign all documents. *See* Fed.Cir.R. 47.3; 28 U.S.C. § 1654 (1988). To date, no corrected informal brief has been received.

tary of Veterans Affairs do you want reviewed by this court?", Hilario responded, "[t]o reverse the erroneous BVA Decisions...."

While petitioners or appellants, particularly a pro se petitioner like Hilario, are not required to file artful, legally impeccable submissions in order to proceed on appeal, it is apparent from the papers Hilario has submitted that he seeks to challenge the VA's *application* of the veterans' benefits statutes to the facts of his particular claim. Section 223 confers no jurisdiction on this court over such challenges.

Where, as here, the government has moved to dismiss for lack of jurisdiction, and it is evident on the face of the submissions that the case does not fall within the scope of the review provisions of 38 U.S.C. § 223(c), dismissal is appropriate.

Accordingly,

IT IS ORDERED THAT:

The Secretary's motion to dismiss is granted.