Melitona M. PENA, Petitioner,

v.

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,
Respondent.

No. 91–7036.

United States Court of Appeals,
Federal Circuit.

Sept. 12, 1991.

Melitona M. Pena, pro se.

Agnes M. Brown, David M. Cohen and James M. Kinsella, Dept. of Justice, Washington, D.C., submitted, for respondent.

## ON MOTION

Before ARCHER, MICHEL and RADER, Circuit Judges.

## ORDER

ARCHER, Circuit Judge.

The Secretary of the Department of Veterans Affairs (Secretary) has submitted an informal brief which we, sua sponte, are treating as a motion to dismiss Melitona M. Pena's petition for review. In doing so, we waive Fed.Cir.R. 27(d) (prohibiting the filing of a motion to dismiss after a petitioner's informal brief has been filed).

## I

### A. *Procedural Background*

On December 17, 1990, Pena filed a petition for review in this court purportedly pursuant to 38 U.S.C. § 223(c), which allows direct judicial review of a challenge to a Department of Veterans Affairs (VA)[1] rule or regulation. Although Pena invoked this court's jurisdiction in terms of § 223, Pena enclosed copies "for your action and guidance" of regional VA office and Board of Veterans Appeals (Board) decisions relating to Pena's entitlement to VA benefits.

On December 19, 1990, the court docketed the petition and served a copy on the VA. Although Fed.Cir.R. 17 requires the VA to provide the court with a certified list of documents within 40 days, in this case

the VA has failed to do so or to otherwise respond to the court's notice.

On January 17, 1991, the petition was dismissed for failure to pay the filing fee. On January 29, 1991, the court received Pena's informal brief. Pena thereafter moved for leave to proceed in forma pauperis. The court granted Pena's motion, reinstated the case, and formally "filed" Pena's informal brief on March 5, 1991. Although the Secretary was not required to file a response brief until after the certified list was served, Fed.Cir.R. 31(e), he was not precluded from doing so either. On April 15, 1991, the Secretary filed his informal brief. In the brief, the Secretary argues that Pena's petition should be dismissed for lack of jurisdiction.

### B. *The Certified List*

When the VA is served with a petition for review, it is incumbent upon the VA to file a certified list within the 40-day period prescribed by Fed.Cir.R. 17 or otherwise respond by motion. Here, the VA has neither filed a certified list nor filed any kind of response with the court. We recognize that in some cases it may be difficult to discern what constitutes the certified list. Nonetheless, it is necessary for the VA to respond in some manner and within the 40-day time period prescribed by the rules.[2]

### C. *Motion to Waive Fed.Cir.R. 27(d)*

Fed.Cir.R. 27(d) provides that, after the first brief has been filed, arguments supporting dismissal for lack of jurisdiction should be made in the brief of the respondent. Hence, under our rule if a petitioner files an informal brief simultaneously with its petition for review or shortly thereafter and prior to service of the certified list, respondent is precluded from filing a motion to dismiss. Under such circumstances,

---

1. The Department of Veterans Affairs Act, Pub.L. No. 100–527, 102 Stat. 2635 (1988) redesignated the former Veterans' Administration as the cabinet-level Department of Veterans Affairs. In this order, "VA" refers to both the former and present agency. *See id.* at § 10, 102 Stat. 2640.

2. Where it is apparent on the face of a petition for review that *petitioner is seeking review of* an adverse Board decision and not challenging a VA rule or regulation, then one appropriate VA response, among others, might be the filing of a motion to extend the time for transmitting the list until threshold jurisdiction is established. In other cases, the VA must file a certified list.

if it is apparent from the informal brief that this court lacks jurisdiction, then a motion to waive Fed.Cir.R. 27(d) and to permit the filing of a motion to dismiss is entirely appropriate.[3]

## II

### A. *Facts*

On June 19, 1946, Pena filed a claim for VA death compensation benefits as the dependent mother of a deceased veteran. Between 1947 and 1978, Pena filed a number of affidavits of dependency or applications for various kinds of VA benefits, some of which were subsequently determined by the VA to contain false statements. In 1978, Pena's husband died and she thereafter also applied for death compensation benefits as the widow of a veteran. Following a field investigation conducted by the VA, in August 1982 the Manila Regional Office proposed a forfeiture of Pena's VA benefits based on her submission of false statements.[4] In 1984, the VA Compensation and Pension Service issued a forfeiture decision against her. Pena filed a Notice of Disagreement (NOD) with the Board of Veterans Appeals on May 10, 1984. On October 10, 1984, the Board held that "[f]orfeiture may be properly declared against the appellant pursuant to the provisions of 38 U.S.C. 3503(a). The appeal is denied."

### B. *Discussion*

Pursuant to 38 U.S.C. § 211, a decision of the Secretary under a law affecting the provision of benefits to veterans "shall be final and conclusive and may not be reviewed by any other official or by any court...." The prohibition against judicial review does not apply to matters covered by chapter 72 of Title 38 or to matters subject to 38 U.S.C. § 223. 38 U.S.C. § 211(a)(2) (Supp.1991).

Chapter 72 confers jurisdiction on this court over appeals from decisions of the Court of Veterans Appeals. However, that avenue of review is closed to Pena in this case because the Court of Veterans Appeals may only review decisions of the Board in cases where a NOD was filed after November 18, 1988. *See Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991). Pena's NOD was filed on May 10, 1984. Thus, the judicial review provisions of Chapter 72 do not apply.

Section 223(c) makes an action of the Secretary described in § 552(a)(1) or § 553 of 5 U.S.C. subject to direct judicial review by this court. Those sections deal with matters such as agency regulations, rules of procedure, substantive rules of general applicability, statements of general policy, or interpretations of general policy. *See* 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223. *See Hilario v. Secretary, Department of Veterans Affairs,* 937 F.2d 586, 588–89 (Fed.Cir.1991).

Here, Pena couches her petition for review as seeking review "[p]ursuant to 38 U.S.C. 223(c)," but it is nonetheless clear that she is seeking review of the Board's 1984 decision forfeiting her benefits. Indeed, in response to question number two on her informal brief, "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by this court?", she responds: "The decision of the Secretary of Veterans Affairs forfeiting my entitlement to benefits ... as a dependent mother; and ... as widow." No argument is made challenging the validity of a VA rule or regulation.

---

3. Further, when it appears that a petitioner is really seeking review of VA Board decision in the guise of challenging a VA rule or regulation, the progress of the case would be advanced if the VA developed a procedure for the prompt transmittal of copies of documents to counsel for the Secretary which are necessary to prepare the appropriate motion or brief.

4. Section 3503(a) of 38 U.S.C. provides that persons involved in fraud in the procurement of VA benefits "shall forfeit all rights, claims, and benefits under all laws administered by the [VA]...."

Section 223 confers no jurisdiction on this court over such challenges. Accordingly, we lack jurisdiction over Pena's petition and it must be dismissed.

Accordingly,

IT IS ORDERED THAT:

The Secretary's motion to dismiss Pena's petition for review for lack of jurisdiction is granted.