956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pedro R. GALON, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7024.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1992.
 
 ON MOTION
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 In his informal brief, the Secretary of the Department of Veterans Affairs moves to dismiss Pedro R. Galon's petition for review for lack of jurisdiction. Galon has not filed a response.
 
 
 2
 By way of background, on July 2, 1987, the Board of Veterans Appeals denied Galon's claim for disability benefits for service-connected arthritis and hearing defect and for an increased disability rating for the residuals of tuberculoid leprosy and a back scar.
 
 
 3
 Pursuant to the statutory framework governing our judicial review in veterans cases, a petitioner may (1) seek review of a final decision of the Court of Veterans Appeals or (2) seek review of an action of the Secretary that allegedly violates the publication or notice and comment requirements of the Administrative Procedure Act. 38 U.S.C. § 4092(a) and (c), redesignated as § 7292(a) and (c); 38 U.S.C. § 223(c), redesignated as § 502. Galon is clearly not petitioning for review of a final decision of the Court of Veterans Appeals. Therefore, we consider whether Galon is seeking review of an action of the Secretary concerning rulemaking.
 
 
 4
 Section 223(c) of title 38 makes an action of the Secretary described in 5 U.S.C. § 552(a)(1) or § 553 subject to direct judicial review by this court. See 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223(c). Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586, 589 (Fed.Cir.1991).
 
 
 5
 Galon states that he believes that the Board's decision is "not in accord with the Administrative Procedures [sic] Act (APA)." However, Galon's arguments focus on the adjudication of the Board, i.e., that the Board erred in determining that he was not entitled to service-connection for various medical conditions and a higher disability rating for the residuals of tuberculoid leprosy and a back scar. Galon never alleges a violation of the publication or notice and comment rulemaking requirements of the APA.*
 
 
 6
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Hilario, 937 F.2d at 589. However, Galon must demonstrate that this court has jurisdiction over his case. Galon has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to dismiss is granted.
 
 
 9
 (2) The Secretary's motion to suspend the filing of the certified list is dismissed as moot.
 
 
 
 *
 Although Galon, in his informal brief, requests review of various, unspecified VA regulations, his papers reveal that he is really challenging the application of these regulations to his case. In answer to question five of the informal brief, "[w]hat errors of fact or law are found in the Secretary's action or regulations?" Galon responds, "[t]he non-observance of applicable laws and Code of Federal Regulations which the Department of Veterans Affairs should uphold ..."