956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Luisa O. VALENZUELA, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7037.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1992.
 
 ON MOTION
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to dismiss Luisa O. Valenzuela's petition for review. Valenzuela has not filed a response.
 
 
 2
 By way of background, Valenzuela sought death benefits as the surviving spouse of Juan A. Valenzuela who died in May 1946 while serving in the Philippine Commonwealth Army. In 1949, the regional office of the Veterans Administration (VA) granted her death benefits determining that Juan Valenzuela's death was service-connected and that his military service constituted service in the United States Armed Forces. Two years later, the VA terminated Valenzuela's death benefits based on the Department of the Army's determination that her deceased husband had possessed "no recognized guerrilla service, nor any service which could be considered as 'service' in the Armed Forces of the United States." Valenzuela never perfected a formal appeal of the Regional Office's benefit termination to the Board of Veterans Appeals.
 
 
 3
 Pursuant to the statutory framework governing our judicial review in veterans cases, a petitioner may (1) seek review of a final decision of the Court of Veterans Appeals or (2) seek review of an action of the Secretary that allegedly violates the publication or notice and comment requirements of the Administrative Procedure Act. 38 U.S.C. § 4092 (a) and (c), redesignated as § 7092(a) and (c); 38 U.S.C. § 223 (c), redesignated as § 502. Valenzuela is clearly not petitioning for review of a final decision of the Court of Veterans Appeals. Therefore, we consider whether Valenzuela is seeking review of an action of the Secretary concerning rulemaking.
 
 
 4
 Section 223(c) of title 38 makes an action of the Secretary described in 5 U.S.C. § 552(a)(1) or § 553 subject to direct judicial review by this court. See 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223(c). Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586, 589 (Fed.Cir.1991).
 
 
 5
 Valenzuela seeks review of the VA's decision terminating her benefits. Valenzuela's argues that the Army erred in determining that her spouse had no service that could be recognized as "service" for the United States Armed Forces. However, Valenzuela never alleges a violation of the publication or notice and comment rulemaking requirements of the APA.*
 
 
 6
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Hilario, 937 F.2d at 589. However, Valenzuela must demonstrate that this court has jurisdiction over her case. Valenzuela has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to dismiss is granted.
 
 
 9
 (2) The Secretary's motion to suspend the filing of the certified list is dismissed as moot.
 
 
 
 *
 In answer to question three of the informal brief, "[w]hat regulations, if any, of the Secretary of Veterans Affairs do you want reviewed by this court?" Valenzuela responds, "A Filipino veteran who was a U.S. National by birth, is entitled to service/redetermination under the Freedom of Information Act." In answer to question two of the informal brief, "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by this court?" Valenzuela responds, "[t]o recognize the validity of the Certification of Military Service furnished by the Philippine Government's Department of National Defense ... as this document was based on EXISTING OFFICIAL SERVICE RECORDS ..." Valenzuela's statements reveal that she does not seek review of an action of the Secretary regarding rulemaking. Rather, Valenzuela seeks review of the Department of the Army's determination that her husband had no "recognized" service in the United States Armed Forces