956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paz HADJINULA, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7052.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1992.
 
 ON MOTION
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to dismiss Paz Hadjinula's petition for review. Hadjinula has not filed a response.
 
 
 2
 By way of background, Hadjinula sought death benefits as the surviving spouse of Habibula Hadjinula, based on her claim that the death of her husband was due to a service-connected disease or injury. Habibula Hadjinula served on active duty from December 1941 to May 1942, and from November 1942 to June 1946. Hadjinula's husband died on July 19, 1980 of a "cerebral vascular accident, hemorrhage." On August 2, 1983, the Board of Veterans Appeals denied Hadjinula's claim for death benefits determining that "a service-connected disability did not cause or contribute substantially or materially to cause the veterans death."
 
 
 3
 Pursuant to the statutory framework governing our judicial review in veterans cases, a petitioner may (1) seek review of a final decision of the Court of Veterans Appeals or (2) seek review of an action of the Secretary that allegedly violates the publication or notice and comment requirements of the Administrative Procedure Act. 38 U.S.C. § 4092 (a) and (c), redesignated as § 7292(a) and (c); 38 U.S.C. § 223(c), redesignated as § 502. Hadjinula is clearly not petitioning for review of a final decision of the Court of Veterans Appeals. Therefore, we consider whether Hadjinula is seeking review of an action of the Secretary concerning rulemaking.
 
 
 4
 Section 223(c) of title 38 makes an action of the Secretary described in 5 U.S.C. § 552(a)(1) or § 553 subject to direct judicial review by this court. See 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223(c). Hilario v. Secretary, Dep't of Veterans Affairs, No. 937 F.2d 586, 589 (Fed.Cir.1991).
 
 
 5
 Hadjinula seeks review pursuant to the Administrative Procedure Act (APA). However, Hadjinula's arguments focus on the adjudication of the Board, i.e., that the Board erred in determining that she was not entitled to death benefits because a service-connected disability did not cause or contribute to her husband's death. Hadjinula never alleges a violation of the publication or notice and comment rulemaking requirements of the APA.*
 
 
 6
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Hilario, 937 F.2d at 589. However, Hadjinula must demonstrate that this court has jurisdiction over her case. Hadjinula has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to dismiss is granted.
 
 
 9
 (2) The Secretary's motion to suspend the filing of the certified list is dismissed as moot.
 
 
 
 *
 In answer to question three of the informal brief, "[w]hat regulations, if any, of the Secretary of Veterans Affairs do you want reviewed by this court?" Hadjinula responds, "VA Regulation 1301, Line of Duty.... His 'CVA Hemorrhage' which gave rise to the cause of death is the result of his service-connected PTB [pulmonary tuberculosis] and all other service-connected conditions established during his active military service ..." In answer to question two of the informal brief, "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by this court?" Hadjinula responds, "[t]he denial of service-connected benefits to me and my children by the veteran." Although Hadjinula, requests review of "VA Regulation 1301," her papers reveal that she is really challenging the application of these regulations to her case