956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ricardo P. TABUJARA, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7017.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1992.
 
 ON MOTION
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to dismiss Ricardo P. Tabujara'a petition for review. Tabujara has not filed a response.
 
 
 2
 By way of background, in 1988, the Board of Veterans Appeals determined that Tabujara submitted false statements to the Veterans Administration (VA) in an application for benefits and, thus, forfeited his entitlement to a pension.
 
 
 3
 Pursuant to the statutory framework governing our judicial review in veterans cases, a petitioner may (1) seek review of a final decision of the Court of Veterans Appeals or (2) seek review of an action of the Secretary that allegedly violates the publication or notice and comment requirements of the Administrative Procedure Act. 38 U.S.C. § 4092(a) and (c), redesignated as § 7092(a) and (c); 38 U.S.C. § 223(c), redesignated as § 502. Tabujara is clearly not petitioning for review of a final decision of the Court of Veterans Appeals. Therefore, we consider whether Tabujara is seeking review of an action of the Secretary concerning rulemaking.
 
 
 4
 Section 223(c) of title 38 makes an action of the Secretary described in 5 U.S.C. § 552(a)(1) or § 553 subject to direct judicial review by this court. See 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223(c). Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586, 589, (Fed.Cir.1991).
 
 
 5
 Tabujara seeks review pursuant to the Administrative Procedure Act (APA). However, Tabujara's arguments focus on the adjudication of the Board, i.e., that the Board erred in determining that he forfeited entitlement to a pension. Tabujara never alleges a violation of the publication or notice and comment rulemaking requirements of the APA.*
 
 
 6
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Hilario, 937 F.2d at 589. However, Tabujara must demonstrate that this court has jurisdiction over his case. Tabujara has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to dismiss is granted.
 
 
 9
 (2) The Secretary's motions to suspend the filing of the certified list and waive Fed.Cir.R. 27(d) are dismissed as moot.
 
 
 
 *
 In his petition for review, Tabujara states that he seeks "direct Judicial Review of the Code of Federal Regulations and VA Regulations, including provisions of Title 38, United States Code, which were not properly applied to my case." Tabujara's papers reveal that he is not seeking review of an action of the Secretary regarding rulemaking. Rather, Tabujara seeks review of the Board's application of the forfeiture provisions to his case