956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Asterio A. GUTIERREZ, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7009.
 United States Court of Appeals, Federal Circuit.
 Jan. 6, 1992.
 
 ON MOTION
 Before NIES, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to dismiss Asterio A. Gutierrez' petition for review for lack of jurisdiction. Gutierrez has not filed a response.
 
 
 2
 By way of background, in 1981, the regional office of the Veterans Administration (VA) reduced Gutierrez' disability rating for service-connected schizophrenia from 100% to 70%. In 1985, Gutierrez' disability rating was further reduced from 70% to 10%. In 1987, the Board of Veterans Appeals determined that Gutierrez was not entitled to a rating in excess of 10% for his schizophrenia or to temporary 100% ratings based on his hospitalization during various periods between January 27, 1985 and October 2, 1987. Gutierrez subsequently filed six additional claims for increased service-connection compensation for his schizophrenia and for total disability based on his hospitalization. The VA denied these claims. Gutierrez appealed the later rating decisions to the Board on September 19, 1990. On October 3, 1990, Gutierrez filed a petition for review here purportedly challenging a VA rule or regulation.
 
 
 3
 Pursuant to the statutory framework governing our judicial review in veterans cases, a petitioner may (1) seek review of a final decision of the Court of Veterans Appeals or (2) seek review of an action of the Secretary that allegedly violates the publication or notice and comment requirements of the Administrative Procedure Act. 38 U.S.C. § 4092(a) and (c), redesignated as § 7292(a) and (c); 38 U.S.C. § 223(c), redesignated as § 502. Gutierrez is clearly not petitioning for review of a final decision of the Court of Veterans Appeals. Therefore, we consider whether Gutierrez is seeking review of an action of the Secretary concerning rulemaking.
 
 
 4
 Section 223(c) of title 38 makes an action of the Secretary described in 5 U.S.C. § 552(a)(1) or § 553 subject to direct judicial review by this court. See 5 U.S.C. § 552(a)(1) (setting forth which agency matters are subject to publication requirements); 5 U.S.C. § 553 (setting forth the notice and comment requirements for agency rulemaking). Adjudications, which are governed by 5 U.S.C. § 554, are not covered by the judicial review provisions of § 223(c). Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586, 588 (Fed.Cir.1991).
 
 
 5
 Gutierrez asks the court to "uphold the provisions of Chapter 7 of the Administrative and Procedures [sic] Act (APA)." However, Gutierrez' arguments focus on the adjudications of the VA and the Board, i.e., that the VA and the Board erred in determining that he was not entitled to an increased evaluation for his schizophrenia or a temporary total disability rating based on his hospitalizations. Gutierrez never alleges a violation of the publication or notice and comment rulemaking requirements of the APA.*
 
 
 6
 Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Hilario, 937 F.2d at 588. However, Gutierrez must demonstrate that this court has jurisdiction over his case. Gutierrez has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The Secretary's motion to dismiss is granted.
 
 
 
 *
 Although Gutierrez in his informal brief requests review of various, unspecified VA regulations, his papers reveal that he is really challenging the application of these regulations to his case. In answer to question two of the informal brief, "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by the court?" Gutierrez requests the Secretary to "uphold the Code of Federal Regulations consistently without any discrimination and to prevent the miscarriage of justice by restoring my ... service-connected disability rating to 100% ..."