960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Felix R. LANUZO, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 90-7005.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1992.
 
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, RADER, Circuit Judge.
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs moves (1) for leave to file a motion to suspend the filing of the certified list out of time with motion attached, or, in the alternative, (2) for an extension of time to file the certified list, or, in the alternative, (3) to waive Fed.Cir.R. 27(d) and (4) to dismiss Felix R. Lanuzo's petition for review for lack of jurisdiction. Lanuzo has not filed a response.
 
 
 2
 Starting in 1975, Lanuzo received disability compensation from the Veterans Administration for service-corrected hearing loss. In 1983, Lanuzo sought increased compensation on the ground that he had total hearing loss. Based on field and medical examinations, the VA determined that Lanuzo was feigning the increased loss and concluded that he had forfeited his rights to VA benefits pursuant to 38 U.S.C. § 3503(a). On March 6, 1989, the Board of Veterans Appeals denied Lanuzo's appeal. Lanuzo seeks review of the Board's decision here.
 
 
 3
 This court does not have jurisdiction to review Lanuzo's petition. Pursuant to the Veterans' Judicial Review Act of 1988, this court may review decisions of the Court of Veterans Appeals, 38 U.S.C. 4092, and may review certain actions of the Secretary. 38 U.S.C. 223. With regard to the latter, judicial review is limited to the Secretary's actions concerning the promulgation and publication of agency rules and regulations. The statute does not confer jurisdiction to directly review a petitioner's challenge to the Board's application of the law to the facts of his or her particular claim. Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586 (Fed.Cir.1991).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) The Secretary's remaining motions are moot.