960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paula P. ROSETE, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 90-7007.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1992.
 
 Before CLEVENGER, Circuit Judge, BENNETT, Senior Circuit Judge, RADER, Circuit Judge.
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs moves (1) for leave to file a motion to suspend the filing of the certified list out of time with motion attached, or, in the alternative, (2) for an enlargement of time to file the certified list, (3) to waive the requirements of Fed.Cir.R. 27(d) and (4) to dismiss Paula P. Rosete's petition for review for lack of jurisdiction. Mrs. Rosete has not filed a response.
 
 
 2
 Mrs. Rosete and her spouse sought death benefits from the Veterans Administration as the result of their son's death. The regional office denied the request on December 28, 1951 on the ground that their son was not on active duty at the time of his death. In response to letters from Mrs. Rosete, the VA regional office denied the claim again on October 31, 1963, August 10, 1971, and February 27, 1987. The Rosetes also applied for insurance benefits. On July 16, 1952, the claim was disallowed on the ground that the Rosetes were not "dependents" of their son within the meaning of the law. The decision was appealed to the Board of Veterans Appeals which denied the appeal on March 9, 1953.
 
 
 3
 This court does not have jurisdiction to review Mrs. Rosete's petition. Pursuant to the Veterans' Judicial Review Act of 1988, this court may review decisions of the Court of Veterans Appeals, 38 U.S.C. 4092, and may review certain actions of the Secretary. 38 U.S.C. 223. With regard to the latter, judicial review is limited to the Secretary's actions concerning the promulgation and publication of agency rules and regulations. The statute does not confer jurisdiction to directly review a petitioner's challenge to the Board's application of the law to the facts of his or her particular claim. Hilario v. Secretary, Dep't of Veterans Affairs, 937 F.2d 586 (Fed.Cir.1991).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) The Secretary's other motions are moot.