960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gertrudes C. VERE, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7053.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1992.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs moves to suspend the requirement of filing the certified list, waive the requirements of Fed.Cir.R. 27(d), and dismiss Gertrudes C. Vere's petition for review for lack of jurisdiction. Vere has not filed a response.
 
 
 2
 On May 3, 1977, Vere requested resumption of benefits "as the unremarried widow of the late veteran, Pedro V. Vere." Vere testified that she had not lived with a man in the relationship of husband and wife since 1973. However, the VA's investigation revealed that Vere was involved in a "continuous husband and wife relationship." Accordingly, on October 11, 1977, the Veterans Administration regional office determined that Vere had forfeited her right to benefits due to fraud and recommended that Vere's benefits be terminated. Approximately 14 years later, Vere sought review of the VA's decision in this court.
 
 
 3
 This court does not have jurisdiction to review Vere's petition. Pursuant to the Veterans' Judicial Review Act of 1988, this court may review decisions of the Court of Veterans Appeals, 38 U.S.C. 7292, and may review certain actions of the Secretary. 38 U.S.C. 502. With regard to the former, Vere is not seeking review of a decision of the Court of Veterans Appeals. With regard to the latter, judicial review is limited to the Secretary's actions concerning the promulgation or publication of agency rules and regulations. Hilario v. Secretary of Veterans Affairs, 937 F.2d 586, 588 (Fed.Cir.1991).
 
 
 4
 In her "Supplemental Informal Brief," Vere states "[t]here is a valid CHALLENGE presented by the undersigned petitioner to the rule-making or forfeiture decision issued against all those (like myself) who have been accused of having violated Section 3503(a), 38 U.S.Code." Vere is challenging the forfeiture statute. Vere is not challenging the promulgation or publication of agency rules or regulations.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to suspend the requirement of the certified list is granted.
 
 
 7
 (2) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.