960 F.2d 154
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Angelina F. RASO, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7101.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1992.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs moves to suspend the filing of the certified list, waive the requirement of Fed.Cir.R. 27(d), and dismiss Angelina F. Raso's petition for review for lack of jurisdiction. Raso has not filed a response.
 
 
 2
 Raso was awarded death benefits as the widow of a veteran by the Veterans Administration. In 1983, the Veterans Administration Compensation and Pension Service determined that Raso had forfeited her right to benefits because she had presented false and material evidence to the VA concerning her claim that she was the unremarried widow of a veteran. In 1987, the Board of Veterans Appeals denied Raso's appeal of the 1983 forfeiture decision.
 
 
 3
 This court does not have jurisdiction to review Raso's petition. Pursuant to the Veterans' Judicial Review Act of 1988, this court may review decisions of the Court of Veterans Appeals, 38 U.S.C. 7292, and may review certain actions of the Secretary. 38 U.S.C. 502. With regard to the former, Raso is not seeking review of a decision of the Court of Veterans Appeals. With regard to the latter, judicial review is limited to the Secretary's actions concerning the promulgation or publication of agency rules and regulations. Hilario v. Secretary of Veterans Affairs, 937 F.2d 586, 588 (Fed.Cir.1991).
 
 
 4
 Raso states in her informal brief that "[a]fter 1959, only Philippine claimants of the VA were subjected indefinitely to the forfeiture provisions of 38 USC § 3503 and 38 C.F.R. § 3.901. A direct Judicial Review of the above laws and/or statutes is imperative ..." Raso is challenging the forfeiture statute. Raso is not challenging the promulgation or publication of agency rules or regulations.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to suspend the filing of the certified list is granted.
 
 
 7
 (2) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.