NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESSE A. BELTRAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7132

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-2763, Judge William P. Greene, Jr.

---

## ON MOTION

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Jesse A. Beltran's appeal for lack of jurisdiction or in the alternative to summarily affirm. Beltran opposes.

By way of background, Beltran served on active duty in the Navy from January to March 1980. Since July 2000, he has received veterans' disability benefits for a degenerative disc condition resulting from a fall that occurred while in service. He also separately receives a disability rating for an extremity radiculopathy condition, which in general terms is the nerve irritation caused by damage to his discs.

On February 8, 2008, the Board of Veterans' Appeals confirmed the agency's rulings that Beltran was not entitled to receive an earlier effective date for (1) a 20% disability rating for his radiculopathy claim before September 23, 2002, (2) a 40% disability rating for the same condition before March 7, 2003, and (3) a 40% disability rating for his disc condition before March 7, 2003. The Board also referred to a Department regional office (RO) for initial determination Beltran's request for revision based on clear and unmistakable error (CUE) in an August 1985 RO decision, which denied service connection for scoliosis.

On appeal before the Court of Appeals for Veterans Claims, Beltran's primary challenge was to the Board's decision to refer his CUE request to the RO. The court, however, rejected this argument on the basis that such request for relief could not be initially adjudicated by the Board, and thus the Board acted properly in referring the matter to the RO to decide the matter in the first instance.

The court also rejected Beltran's argument that the agency had failed to meet its duty-to-notify obligations pursuant to 38 U.S.C. § 5103(a) because he was not informed of the requirements of the applicable diagnostic codes relating to his increased-rating claims. Because Beltran's brief did not raise any issue regarding the effective dates and disability award ratings assigned to

the two conditions on appeal, the court affirmed the Board's decision.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West*, 213 F.3d 1372, 1373-74 (Fed. Cir. 2000). By statute, our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or regulation, any interpretation thereof, or that raise any constitutional controversies. *See* 38 U.S.C. § 7292. We do not have jurisdiction to hear appeals challenging determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2).

Beltran seeks review of the Veterans Court's decision. In his informal brief, however, Beltran indicates that his appeal primarily seeks to challenge issues relating to his remanded scoliosis claim. These issues were not decided by any RO, thus the Veterans Court held that it was proper for the Board to have remanded the matter for an initial decision. In doing so, the Veterans Court did not interpret any laws or regulations; rather it applied the law to the facts of the case. As the CUE request regarding his scoliosis claim is a factual determination and was not addressed on the merits by the Veterans Court, the issue is not reviewable by this court until a final decision is rendered.

This court also discerns no constitutional issue within our jurisdiction. Although Beltran's informal brief says otherwise, his sole support for that contention was the words "denial of reconsideration." His "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

The only other issue that Beltran indicates in his brief that the Veterans Court failed to properly decide was to give him a 100% disability rating. Deciding that issue, however, would require this court to reweight the facts, which is outside of this court's limited authority.

Although pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal, *Hilario v. Dep't of Veterans Affairs*, 937 F.2d 586, 589 (Fed. Cir. 1991), Beltran must demonstrate that this court has jurisdiction over his case, and he has not made such a showing. The court therefore grants the Secretary's motions and dismisses the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted.

(2) Each side shall bear its own costs.

FOR THE COURT

**NOV 1 4 2011**
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Jesse A. Beltran
Delisa M. Sanchez, Esq.

s19

Issued As A Mandate: **NOV 1 4 2011**

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 4 2011

JAN HORBALY
CLERK