NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRESTON L. SCHOFIELD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7205

---

Appeal from the United States Court of Appeals for Veterans Claims in 07-3712, Judge Alan G. Lance, Sr.

---

## ON MOTION

---

Before RADER, *Chief Judge*, GAJARSA and REYNA, *Circuit Judges.*

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss Preston L. Schofield's appeal for lack of jurisdiction. Preston has not filed a response.

By way of background, Schofield served on active duty in the Army and has been determined by the Department of Veterans Affairs to be entitled to disability benefits for his post-traumatic stress disorder (PTSD).

This appeal arises out of Schofield's efforts before the Department to seek an earlier effective date for his PTSD disability award, to establish entitlement to service connection for a hemorrhoid condition, and to reopen a previously denied claim for entitlement to service connection for a right shoulder condition.

A regional office within the Department denied those claims. Those determinations were sustained on appeal by the Board of Veterans' Appeals. Schofield then filed an appeal with the United States Court of Appeals for Veterans Claims.

On appeal before that court, the parties entered into a joint motion to remand the right shoulder and hemorrhoids claims to the agency for further proceedings. The motion, which was consented to by Schofield's then attorney, further explained that Schofield was no longer pursuing his PTSD claim. Based on the parties' joint representations, the Veterans Court granted the motion and issued its judgment.

On August 11, 2010, however, Schofield himself submitted a letter informing the court that his now former attorney was not authorized to abandon his PTSD claim. In light of Schofield's contention, the Veterans Court on April 13, 2011, withdrew its prior order as to the PTSD claim, and, in a separate order, directed Schofield to file his brief within 60 days, attaching to that order the court's informal brief form.

Having failed to meet the court's briefing deadline, the court on June 21, 2011 directed Schofield to file his brief within twenty days or risk dismissal of his appeal.

When Schofield failed to comply, the court dismissed the appeal and issued judgment.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Schofield seeks review of the Veterans Court's decision. In his informal brief, however, does not seek to challenge a constitutional issue or, the validity or interpretation of a statute or regulation. Nor does Schofield seek review of any other legal issue addressed below. Instead, Schofield's sole argument on appeal relates to his attorney. He contends in relevant part that the Veterans Court "dropped [his] claim for earlier effective date for PTSD based on [his attorney] who had no authority to do so." It is clear, however, from the facts that the Court recalled its judgment to allow Schofield to file a brief on such claim, which he failed to do.

Although pro se petitioners are not required to file "legally impeccable submissions to proceed on appeal," *Hilario v. Secretary, Dep't of Veterans Affairs.* 937 F.2d 586, 589 (Fed. Cir. 1991), Schofield must demonstrate that this court has jurisdiction over his case, and he has not made such a showing. The court therefore grants the Secretary's motions and dismisses this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT


___MAR 1 5 2012___                    _/s/ Jan Horbaly___
       Date                                    Jan Horbaly
                                  Clerk

cc:  Preston L. Schofield
      Kenneth S. Kessler, Esq.

s19

ISSUED AS MANDATE:  __MAR 1 5 2012__

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2012

JAN HORBALY
CLERK