NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SIMONA TANASESCU, ON BEHALF OF HERSELF AND S.T., A MINOR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2021-2117

———————————

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01289-ZNS, Judge Zachary N. Somers.

———————————

Decided: December 7, 2021

———————————

SIMONA TANASESCU, Tustin, CA, pro se.

MILES KARSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.

———————————

Before LOURIE, MAYER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Simona Tanasescu appeals from a decision of the Court of Federal Claims ("Claims Court") dismissing her breach of contract claims for lack of subject matter jurisdiction, *Tanasescu v. United States*, No. 21-1289 C, 2021 WL 2010295 (Fed. Cl. May 19, 2021). Because the Claims Court lacks jurisdiction to adjudicate claims asking the Claims Court to review the decisions of other federal courts, we *affirm*.

## I.    BACKGROUND

In her complaint before the Claims Court, Ms. Tanasescu asserts that the United States District Court for the Central District of California, United States Bankruptcy Court for the Central District of California, and the United States Court of Appeals for the Ninth Circuit failed to correctly apply the law in three cases involving Ms. Tanasescu. She asserts that this failure is a breach of an implied contract between herself and the Department of Justice ("DOJ").

The Claims Court dismissed Ms. Tanasescu's complaint for lack of subject matter jurisdiction. *Tanasescu*, 2021 WL 2010295, at *1. The court found that Ms. Tanasescu's complaint asked it to review various decisions of other federal courts—something that the Claims Court lacks subject matter jurisdiction to do. *Id.* at *2.

Ms. Tanasescu appeals the Claims Court's dismissal of her case for lack of subject matter jurisdiction. We have jurisdiction to review the Claims Court's final decision under 28 U.S.C. § 1295(a)(3).

## II.    DISCUSSION

On appeal, Ms. Tanasescu argues that the Claims Court improperly dismissed her complaint for lack of subject matter jurisdiction. She asserts that the Claims Court made both substantive and procedural errors. Ms.

Tanasescu asserts that the Claims Court substantively erred by ignoring the allegedly contractual nature of her claims. She identifies two purported procedural errors underlying the Claims Court's decision and one purported procedural error by this court. First, she asserts that the Claims Court changed the "Nature-of-Suit Code" in the case cover sheet from 114 ("Contract – Service – (CDA)") to 528 ("Miscellaneous – Other") without notifying her. Second, she asserts that the Claims Court changed the "Amount Claimed" in the case cover sheet from an estimated $320,000,000 to $1,000,000, again, without notifying her. Finally, Ms. Tanasescu asserts that she was never served with a Notice of Docketing of her appeal before this court.

This court reviews Claims Court decisions to dismiss for lack of jurisdiction *de novo*. *Campbell v. United States*, 932 F.3d 1331, 1336 (Fed. Cir. 2019). Subject matter jurisdiction is a threshold issue that courts must consider before they consider the merits of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). As Ms. Tanasescu is a *pro se* plaintiff, her pleadings are liberally construed. But that does not alleviate her burden to demonstrate that the Claims Court has jurisdiction. *See Beltran v. Shinseki*, 447 F. App'x 208, 209 (Fed. Cir. 2011). Ms. Tanasescu still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *See Freeman v. United States*, 875 F.3d 623, 628 (Fed. Cir. 2017).

The Claims Court's jurisdiction, if any, over Ms. Tanasescu's case arises under the Tucker Act, 28 U.S.C. § 1491(a). The Tucker Act gives the Claims Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id*. The Tucker Act is "a

jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

Ms. Tanasescu seems to argue that the separate source of substantive law in this case is the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101–7109. Ms. Tanasescu asserts that she had an implied contract with the DOJ and alleges that the DOJ breached this contract when the United States District Court for the Central District of California, United States Bankruptcy Court for the Central District of California, and the Ninth Circuit Court of Appeals decided various motions and cases in ways adverse to Ms. Tanasescu's interests.

At its core, Ms. Tanasescu's complaint asks the Claims Court to review decisions of other federal courts. The alleged errors in those decisions form the "breach" in her "breach of implied contract" claims. The Claims Court does not have subject matter jurisdiction to review the decisions of other federal courts. *Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021) (holding that the Claims Court does not have jurisdiction to review district court decisions); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (noting that the "proper forum for appellants' challenges to the bankruptcy trustees' actions [which were approved by the bankruptcy court] . . . lies in the Ninth Circuit, not the Court of Federal Claims"). Creative claiming cannot endow the Claims Court with jurisdiction to review the decisions of other federal courts. *See Straw*, 4 F.4th at 1360–61 (affirming the Claims Court's decision that it lacks subject matter jurisdiction to adjudicate a Fifth Amendment takings claim in which the alleged taking was effected when a district court dismissed a tort claim).

The purported procedural errors identified by Ms. Tanasescu do not change our analysis. The nature-of-claim code and the amount claimed played no role in the Claims Court's decision, which was based on the content of Ms. Tanasescu's complaint. The Claims Court does not have jurisdiction to adjudicate Ms. Tanasescu's claims regardless of the nature-of-claim code or amount claimed. Nor does Ms. Tanasescu's allegation that she was improperly served with notice of docketing by this court have any relation to the Claims Court's lack of jurisdiction to hear her claims.

### III.    CONCLUSION

For these reasons, we *affirm*.

### **AFFIRMED**

### COSTS

No costs.