NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW U.D. STRAW, FOR HIMSELF, AND AS EXECUTOR OF, THE ESTATE OF SANDRA KAY ISAACS STRAW STEVENS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2114

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00560-EGB, Senior Judge Eric G. Bruggink.

---

Decided: September 11, 2017

---

ANDREW U.D. STRAW, Schaumburg, IL, pro se.

ALEXIS J. ECHOLS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Andrew U.D. Straw appeals an order of the U.S. Court of Federal Claims denying his motion for leave to file an amended complaint. The Court of Federal Claims dismissed Mr. Straw's complaint for lack of subject matter jurisdiction, and subsequently denied his motion for leave to file an amended complaint. Because the Court of Federal Claims did not err in concluding that Mr. Straw failed to allege a deprivation of any legally cognizable property interests under the Fifth Amendment, and did not abuse its discretion by denying Mr. Straw's motion for leave to amend his complaint, we *affirm.*

I

Mr. Straw alleges that he was exposed to toxic chemicals when his father was stationed at the Naval Air Station Jacksonville, Florida. According to his amended complaint, Mr. Straw's father repaired helicopters at the air station, where he was exposed to toxic chemicals in helicopter fuel and cleaning fluids. Mr. Straw's mother was also purportedly exposed to harmful chemicals while pregnant with Mr. Straw because she cleaned and maintained his father's uniform. The complaint asserts that Mr. Straw's chemical exposure *in utero* caused various ailments for him and his family.

On April 20, 2017, Mr. Straw filed a complaint in the Court of Federal Claims seeking compensation for damages suffered by him and his family members. Mr. Straw's initial complaint invoked the Fifth and Ninth Amendments, and argued the court had jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971). The court dismissed Mr. Straw's complaint *sua sponte* because he failed to state a claim under the Tucker Act or a takings claim

under the Fifth Amendment. Instead, the court concluded that Mr. Straw's complaint sounded in tort, which is specifically excluded from the court's jurisdiction.

After the Court of Federal Claims dismissed his case, Mr. Straw moved for leave to amend his complaint. Mr. Straw again asserted a property interest in his bodily integrity, which the government purportedly deprived by exposing him to toxic compounds. Appx. 015-18. Mr. Straw also claimed that the government violated an implied contract with his father by exposing him to toxic compounds and failing to warn his family about the potential adverse health effects.

The Court of Federal Claims denied Mr. Straw's motion for leave to amend. The court again found that Mr. Straw failed to plead a compensable taking under the Fifth Amendment. In doing so, the court explained that Mr. Straw's allegation that the government harmed him and his family is based in tort, even if it is framed as a takings claim. The court also dismissed Mr. Straw's contractual claims because they are based on an alleged contract implied-in-law that is not within the Court's jurisdiction.

Mr. Straw appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

"The question of whether a complaint was properly dismissed for failure to state a claim upon which relief could be granted is one of law, which we review independently." *Highland Falls–Fort Montgomery Cent. Sch. Dist. v. United States*, 48 F.3d 1166, 1170 (Fed. Cir. 1995) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1273 (Fed. Cir. 1991)). We review the court's denial of the motion for leave to amend for abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007).

The Fifth Amendment guarantees compensation if private property is taken for public use. U.S. Const. Amend. V. Mr. Straw asserts that the military deprived him of bodily integrity, a property interest, by exposing his parents to toxic chemicals.

We are not aware of any case that establishes a *property interest* in freedom from bodily harm. Mr. Straw cites *Horne v. Department of Agriculture*, 135 S. Ct. 2419 (2015), and *Scott v. Sanford*, 60 U.S. 393 (1857), to argue that human beings are personal property. Neither case supports his position. The Supreme Court in *Horne* held that the government has a duty under the Fifth Amendment to pay just compensation whenever it takes personal or real property. 135 S. Ct. at 2425. *Horne* does not support the notion that injuring someone constitutes a taking under the Fifth Amendment. And *Scott* was overturned by the abolishment of slavery in the Thirteenth Amendment. Therefore, despite Mr. Straw's attempt to characterize his claims as involving a property interest, they are ultimately premised on the government's alleged breach of its duty not to harm Mr. Straw or his parents. Such claims are based in tort, not property. Accordingly, Mr. Straw failed to plead a takings claim under the Fifth Amendment.

Next, we turn to Mr. Straw's claim that the government breached an implied contractual obligation to prevent his father's exposure to toxic compounds, and to warn his family of potential adverse health effects after exposure. The Supreme Court has held that the Tucker Act confers jurisdiction on contracts implied-in-fact, but not to contracts implied-in-law. *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996). A contract implied-in-fact is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Id.* at 424 (quoting *Baltimore & Ohio R. Co. v. United*

*States*, 261 U.S. 592, 597 (1923)). "By contrast, an agreement implied in law is a 'fiction of law' where 'a promise is imputed to perform a legal duty . . . .'" *Id.* (internal citations omitted).

Here, Mr. Straw claims the Marine Corps had a duty to protect service members and their dependents. Specifically, Mr. Straw cites to provisions of the Uniform Code of Military Justice, which makes certain conduct punishable by court-martial. *See, e.g.*, 10 U.S.C. § 919a (a)(1). But a duty imposed by federal law not to harm service members and their families, at best, can only be construed as a contract implied-in-law. As the Court of Claims explained, the Tucker Act does not confer jurisdiction over such claims.

On appeal, Mr. Straw argues the military and Congress made "actions and representations" that created a contract implied-in-fact. But Mr. Straw failed to plead any facts that, if accepted as true, would plausibly support such an implied agreement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In his amended complaint, Mr. Straw cites only to the Uniform Code of Military Justice for his breach of contract claim. Nothing in the pleadings supports a plausible contractual claim against the government.

Because the Court of Federal Claims properly dismissed Mr. Straw's complaint and did not abuse its discretion by denying his motion for leave to amend, we affirm.

## AFFIRMED

No costs.