NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW U.D. STRAW,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1597

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01145-DAT, Judge David A. Tapp.

-------------------------------------------------

**ANDREW U.D. STRAW,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1598

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01154-DAT, Judge David A. Tapp.

————————————

Decided:  October 13, 2021

————————————

ANDREW U.D. STRAW, Washington, DC, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

————————————

Before LOURIE, DYK, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Andrew U.D. Straw appeals two decisions of the United States Court of Federal Claims ("Claims Court").  We *affirm* both decisions.

BACKGROUND

Mr. Straw was formerly an attorney licensed to practice in Indiana.  He filed four lawsuits in federal court between 2014 and 2016.  All four cases were ultimately dismissed by district courts that uniformly characterized Mr. Straw's suits as "utterly frivolous," "wholly insubstantial," and as potentially presenting "sanctionable conduct." 1598-S.A. 20–21.[1]

——————

[1]    All Appendix citations are to the appendices attached to the government's briefs in these appeals and are identified by their corresponding appeal numbers.

On February 14, 2017, the Indiana Supreme Court suspended Mr. Straw's law license, citing Indiana Rule of Professional Conduct 3.1, which "prohibits bringing a proceeding or asserting an issue therein unless there is a basis in law and fact for doing so that is not frivolous." 1598-S.A. 21. As a result of the Indiana suspension, four federal judicial districts reciprocally suspended Mr. Straw's admission to practice before the courts in those districts.[2]

On August 9, 2017, Mr. Straw filed a Claims Court suit that sought, in relevant part, $3 million in damages for alleged Fifth Amendment takings of three "federal law licenses," appearing to refer to three of the four reciprocal district court suspensions. *Straw v. United States*, Case No. 17–1082C, 2017 WL 6045984, at *1 (Fed. Cl. Dec. 6, 2017). In that case, the Claims Court dismissed Mr. Straw's takings claims because it lacked jurisdiction to review judicial takings that required it to "scrutinize the decisions of other tribunals for the same plaintiff given the same set of facts." *Id.* at *8. Mr. Straw did not appeal that decision.

In September 2020, Mr. Straw filed two additional complaints in the Claims Court, again alleging Fifth Amendment takings. Those cases are described below.

In Appeal No. 21-1597, Mr. Straw appeals a Claims Court decision dismissing his complaint for lack of subject matter jurisdiction. The underlying complaint sought $3 million for four alleged judicial takings of his "federal law license," citing the four reciprocal district court suspensions of his admission to practice.

---

2    Mr. Straw was previously admitted in the Northern District of Illinois, the Northern and Southern Districts of Indiana, and the Western District of Wisconsin.

The Claims Court dismissed Mr. Straw's complaint, holding that he failed to establish that it had jurisdiction to review the alleged taking. The court's order noted that while Mr. Straw "slyly attempt[ed] to characterize his claim for relief as a taking, rather than collateral review of another court's decision," the Claims Court lacked jurisdiction to grant relief that required it to review the actions of other federal courts. Order Granting Mot. to Dismiss, *Straw v. United States*, No. 20-1145, ECF No. 18, (Fed. Cl. Jan. 12, 2021).

In Appeal No. 21-1598, Mr. Straw challenges a Claims Court decision dismissing a separate complaint for lack of subject matter jurisdiction. This complaint sought approximately $1.6 million for a federal district court "scheme" that led to the Indiana Supreme Court's suspension of his law license. Mr. Straw alleges that four district courts colluded to revoke his law license by uniformly referring to his lawsuits as "frivolous" in dismissal orders.

While Mr. Straw again characterized his injuries as judicial takings, the Claims Court dismissed his lawsuit on jurisdictional grounds, reasoning that it could not review "the propriety of other courts' actions." 1598-S.A. 26. Mr. Straw appeals both decisions to this court.

## DISCUSSION

On appeal, Mr. Straw asks this court to reverse the Claims Court's dismissals for lack of subject matter jurisdiction. Mr. Straw further seeks review of an Anti-Filing Order entered in a separate case. We affirmed the validity of the Anti-Filing Order in a separate appeal, and thus need not address that issue further. *See Straw v. United States*, Case Nos. 2021-1600 & 2021-1602, 2021 WL 3440773, at *6 (Fed. Cir. Aug. 6, 2021).

I.     Subject Matter Jurisdiction

We review the Claims Court's dismissal for lack of jurisdiction de novo. *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1049 (Fed. Cir. 2012). Mr. Straw held the burden of establishing jurisdiction. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Tucker Act, which is the source of the Claims Court's jurisdiction, limits jurisdiction only to "claims for money damages against the United States" and it does not supply an independent cause of action, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). While the Fifth Amendment taking of a cognizable property interest can be a separate source of substantive law, the Claims Court lacks the jurisdiction to review district court decisions, and therefore cannot "entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal." *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (internal quotation marks and citations omitted). Claims "based on the propriety of [a] district court's decision" necessarily require the Claims Court to "review the merits" of the underlying district court decisions. *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1345 (Fed. Cir. 2002).

The alleged takings that Mr. Straw asserts invoke the propriety of district court decisions. Whether a taking occurred depends in whole or in part on whether the district court decisions were correct. One set of alleged takings contemplates reviewing the propriety of each district court's decision to suspend Mr. Straw's ability to practice in that federal district. The other set of alleged takings requires reviewing whether the dismissal orders precipitated the loss of Mr. Straw's Indiana license by improperly characterizing his lawsuits as "frivolous." The Claims

Court does not have the jurisdiction to review these district court decisions, and we therefore uphold both dismissals.

## II.    Removal of the Claims Court Judge

Mr. Straw also asks for the removal of the Claims Court judge overseeing these cases due to political bias and personal bias, evidenced by the judge's description of Mr. Straw's claims as "sly." Mr. Straw has not satisfied the standards for removal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases . . . support a bias or partiality challenge . . . if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."); *see also Straw v. United States*, 4 F.4th 1358, 1363 (Fed. Cir. 2021) ("[T]he use of the term 'sly' is not 'insulting,' contrary to Mr. Straw's suggestion; it merely calls attention to the fact that Mr. Straw has sought to recast a tort claim as something that it manifestly is not—a case arising under the Takings Clause.").

**AFFIRMED**