NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BONNIE KELLY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1209

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01129-MBH, Senior Judge Marian Blank Horn.

---

Decided:  April 6, 2022

---

BONNIE KELLY, Omaha, NE, pro se.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before LOURIE, BRYSON, and PROST, *Circuit Judges*.

PER CURIAM.

Bonnie Kelly appeals the United States Court of Federal Claims' order dismissing her complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  Because the Court of Federal Claims correctly concluded that Ms. Kelly failed to allege facts sufficient to show that she was in privity of contract with the United States or that she was a third-party beneficiary of any contract with the United States, we affirm.

## BACKGROUND

On March 22, 2021, Ms. Kelly filed a complaint in the Court of Federal Claims alleging breach of contract against the United States Department of Housing and Urban Development ("HUD").  Ms. Kelly alleges that, as a former Procurement and Contract Director of the Housing Authority for the City of Omaha ("OHA"), she was instrumental in HUD's discovery of misappropriation of funds at OHA and that, as a result, she is entitled to "up to 30%" of the $1,103,287 and proceeds from property sales that HUD recovered.  The United States moved to dismiss Ms. Kelly's claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.  The Court of Federal Claims, observing that it lacks jurisdiction to hear claims against state or local officials or that are not based upon any express or implied contract with the United States, granted the motion because Ms. Kelly had failed to allege facts showing that she was in privity of contract with the United States or that she was a third-party beneficiary of any contract with the United States. *Kelly v. United States*, No. 21-1129C (Fed. Cl. Sept. 30, 2021).  Ms. Kelly appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

A plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence. *M. Maropakis*

*Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). We review a Court of Federal Claims decision dismissing a complaint for lack of jurisdiction de novo. *Id.* We likewise review de novo the grant of a motion to dismiss for failure to state a claim. *Inter-Tribal Council of Ariz., Inc. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020). In conducting either review, we treat the complaint's factual allegations as true and construe them in the light most favorable to the non-moving party. *Jones v. United States*, 846 F.3d 1343, 1351 (Fed. Cir. 2017); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). A complaint should be dismissed if it fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court of Federal Claims was correct to dismiss Ms. Kelly's complaint for lack of jurisdiction and for failure to state a claim. As relevant here, the Court of Federal Claims' jurisdiction is limited to claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). We have observed that "[t]he elements of an implied-in-fact contract are the same as those of an oral express contract." *Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006). In either case, then, a plaintiff must allege "(1) mutuality of intent to contract; (2) consideration; and[] (3) lack of ambiguity in offer and acceptance." *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998). In cases against the United States, the plaintiff must also allege that "[t]he government representative whose conduct is relied upon [had] actual authority to bind the government in contract." *Id.* As the Court of Federal Claims explained, Ms. Kelly failed to allege facts supporting the existence of a contract with the United States, that the Government breached a contract, or that any HUD

employee had authority to offer her a portion of the recovered funds. Accordingly, Ms. Kelly could not show that the Court of Federal Claims had jurisdiction over her claims, nor had she stated a claim upon which relief could be granted.

Ms. Kelly's primary argument on appeal is that a contract does exist—namely, an Annual Contribution Contract ("ACC") between HUD and OHA—and that she is a third-party beneficiary of that contract. The problem for Ms. Kelly, which the Claims Court noted in its dismissal order, is that her complaint didn't allege that she is a third-party beneficiary. Nor do her allegations plausibly give rise to a claim satisfying the exacting standard required to demonstrate third-party beneficiary status. As Ms. Kelly acknowledges, the ACC provided for federal funds to assist under-privileged and low-income tenants in Omaha with housing and stability. Nothing in that stated purpose indicates an intent on the part of the contracting parties (the United States and the City of Omaha) to benefit Ms. Kelly, as required to state a claim as a third-party beneficiary. *See Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1345 (Fed. Cir. 2021).

Ms. Kelly next argues that she did allege a breach of contract. Specifically, Ms. Kelly points to allegations that local HUD personnel refused to investigate any of the misappropriation of federal funds, the missing federal funds themselves, or the elimination of procedures and policies at OHA during her employment there. Even accepting that any of these constitutes a breach of the ACC, that contract was between the United States Government and the City of Omaha, not between the United States and Ms. Kelly. None of these facts establish the factors for express or implied-in-fact contracts discussed above, let alone demonstrate that the United States breached a duty that it owed Ms. Kelly.

Lastly, Ms. Kelly references her experience in a retaliation case she filed in district court following her dismissal from OHA. But if Ms. Kelly is asking this court or the Court of Federal Claims to review the district court's decision or its actions in that case, it is not within our or the Court of Federal Claims' jurisdiction to do so. *See* 28 U.S.C. § 1295 (specifying areas of Federal Circuit jurisdiction); *Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021) (holding that the Claims Court lacks jurisdiction to review district court decisions).

## CONCLUSION

We have considered Ms. Kelly's other arguments but find them unpersuasive. Ms. Kelly has failed to identify any errors in the Court of Federal Claims' decision dismissing her complaint. For the reasons set forth above, we affirm.

## **AFFIRMED**

### COSTS

No costs.