NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE ANDREW BENAVIDES,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1533

---

Appeal from the United States Court of Federal Claims in No. 1:26-cv-00347-DAT, Judge David A. Tapp.

---

## ON MOTION

---

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the United States Court of Federal Claims's dismissal of George Andrew Benavides's complaint.  Mr. Benavides's opening brief opposes summary affirmance.

Seeking $65,000,000, Mr. Benavides filed suit in the Court of Federal Claims, asserting claims for a Fifth Amendment Taking of "liberty, bodily integrity, and

mental autonomy;" breach of contract; a "due process" violation for false imprisonment; retaliation; interference with his intellectual property rights; and "loss of live[li]hood." Compl. at 3 (some capitalization omitted). The court dismissed some of the claims for lack of jurisdiction and others for failure to state a claim.

Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims may not decide claims that "sound[] in tort." Thus, the Court of Federal Claims was clearly correct that it lacked jurisdiction over Mr. Benavides's claims of false imprisonment, retaliation, interference with his alleged property interests, and loss of livelihood. *See, e.g., Jentoft v. United States*, 450 F.3d 1342, 1349–50 (Fed. Cir. 2006) (reaffirming that retaliation claims sound in tort); *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 896 (Fed. Cir. 1998) (noting that interference with prospective business relations is considered a tort); *Quillin v. United States*, 228 Ct. Cl. 727, 727 (1981) ("Any claim of false imprisonment sounds in tort." (citation omitted)).

The Court of Federal Claims was also clearly correct that Mr. Benavides failed to assert a breach-of-contract claim within its limited jurisdiction. He alleges a breach of an implied "contract with the United States upon enlistment" in the U.S. Marine Corps by "failing to protect Plaintiff's bodily integrity, subjecting him to unauthorized medical treatment, and interfering with his published works and royalties." Compl. at 3. This, "at best, can only be construed as a contract implied-in-law," which is outside the Court of Federal Claims's jurisdiction. *Straw v. United States*, 710 F. App'x 881, 883 (Fed. Cir. 2017) (citing *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996)).

The Court of Federal Claims does have jurisdiction under the Tucker Act over claims that the federal government has taken private property without just compensation. Here, however, as noted by the trial court, even making all reasonable inferences in his favor, Mr. Benavides's

allegations fail to plausibly state a claim for relief. He alleges only a deprivation of "liberty, bodily integrity, and mental autonomy without just compensation, in violation of the [Takings Clause of the] Fifth Amendment." Compl. at 3. The Court of Federal Claims was clearly correct that those allegations do not constitute a taking of a property interest covered by the Takings Clause.

The Court of Federal Claims was likewise clearly correctly that Mr. Benavides failed to state a viable claim for relief against the United States for copyright infringement under 28 U.S.C. § 1498(b). Mr. Benavides's complaint alleges only "obstruction of Plaintiffs books and withheld royalties violated copyright and commercial laws," Compl. at 3, based on the obstruction of the "publication, distribution, and sale" of a book entitled "e1994 Hacked Mind and PAWN OFF," *id.* at 2. Mr. Benavides does not plausibly allege any cognizable act of infringement or a taking that could establish relief here.

We have considered Mr. Benavides's arguments but they do not present any basis for disturbing the trial court's judgment. Because we conclude that "the position of" the United States here "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists," we agree that summary affirmance of the trial court's dismissal is warranted. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The Court of Federal Claims's judgment is summarily affirmed.

(2) Any other pending motion is denied.

4                                                                                              BENAVIDES v. US

(3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 22, 2026
Date